IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

MINNIE L. LUST,

                Plaintiff,

   v.                                                    OPINION and ORDER

KOHN LAW FIRM, S.C., JASON D.                           19-cv-32-jdp
HERMERSMANN, and KIRK R. EMICK,

                Defendants.
---

Counsel for plaintiff Minnie L. Lust move for $9,362.50 in attorney fees and $420.55 costs in this case brought under the Fair Debt Collection Practices Act. Dkt. 32. Defendants do not deny that Lust is entitled to reasonable fees and costs as a prevailing party, *see* 15 U.S.C. § 1692k(a)(3), but they object to the reasonableness of both the rates charged and the amount of time claimed by counsel. For the reasons explained below, the court will grant counsel's motion in part and award $8,373 in fees and $420.55 in costs.

ANALYSIS

The motion before the court bears many similarities to the fee petition filed in *Broome v. Kohn Law, S.C.*, No. 18-cv-860-jdp (W.D. Wis.). Both cases involve claims under the FDCPA for bringing a debt-collection lawsuit in the wrong venue; in both cases, the plaintiff accepted an offer of judgment that excluded attorney fees and costs; counsel for plaintiff and defendants are the same; and two of the defendants (Kohn and Hermersmann) are the same. Defendants also raise many of the same objections to the fee petition in this case that they did to the fee petition in *Broome*. Because the court rejected all of the objections in *Broome*, it is not necessary to discuss those again. Below the court will discuss three issues not resolved in *Broome*.

## A. Fees and costs incurred after November 20, 2018

Like the defendants in *Broome*, defendants in this case object to any fees and costs incurred after defendants made a settlement offer. They again rely on *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000), which states that "[s]ubstantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply." Because Lust ultimately accepted a $7,000 offer of judgment, defendants say that their previous offer to settle the case for $7,000 should be viewed as substantial.

The court rejects this argument, but for a different reason than in *Broome*. The emails between counsel show that Lust's counsel did not object to the $7,000 settlement offer because it was too low, but because it included claims against other parties. Specifically, defendants' offer was to settle Lust's claim against defendants *and* Cottonwood Financial, a creditor, which is not a party to this case. Dkt. 18-1, at 13 ("Our offer is on behalf of Cottonwood, Kohn, and its attorneys."). And when Lust's counsel stated that they interpreted defendants' November 20 settlement offer as a "global settlement" that included Cottonwood, defendants did not disagree with that interpretation. *Id.* at 21–23.

As Lust's counsel pointed out in their correspondence, the claim against Cottonwood raised different issues, such as whether Cottonwood would extinguish Lust's debt. *Id.* at 14. So even assuming that the $7,000 offer was reasonable as to Lust's claims against Kohn and its attorneys, it doesn't follow that defendants were entitled to force Lust to settle with Cottonwood as well. If defendants wanted to rely on the settlement offer later to limit counsel's fees, defendants should have made an offer that applied to solely to them. Defendants cite no

authority for the view that a settlement offer is "substantial" under *Moriarity* if it includes different claims and parties than those included in the offer of judgment.

**B. Other objections**

The court will sustain two objections to Lust's fee petition.

First, defendants object to the way that Lust's counsel calculated their rates. Specifically, counsel charged lower rates in 2018, but their fee petition asks for 2019 rates for hours expended in either 2018 or 2019, even though their petition in *Broome* asked for different rates for work performed in different years. The court agrees with defendants that counsel have not justified charging 2019 rates for 2018 work. Counsel say that they are entitled to an "enhancement" because of the delay in receiving their fees while the litigation is pending. Dkt. 19, at 9. But counsel did not include a request for an enhancement in their opening brief, so they forfeited that request. And they did not submit evidence that they charge their own clients an enhanced fee when fee-shifting is not available. *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489–90 (7th Cir. 2009) (rate is presumptively reasonable presumption "where the attorney demonstrates that the hourly rate she has requested is in line with what she charges other clients for similar work"). So the court will subtract $348.25, which is the difference between amount claimed for 2018 work and the amount to which counsel would be entitled under their 2018 rates.

Second, defendants object to $641.25 of work devoted to litigating the state court debt-collection lawsuit. They point out that the offer of judgment is limited to attorney fees and costs incurred for this case. Dkt. 7-1. Lust's counsel do not address this issue in their reply brief, so the court will subtract $641.25 from the award.

Defendants raise numerous other objections to the reasonableness of counsel's fees, many of which the court addressed in *Broome*. The court has considered the remaining objections and concludes that, with the exceptions noted above, the requested fees and costs are reasonable.

ORDER

IT IS ORDERED that plaintiff Minnie Lust's motion for attorney fees and costs, Dkt. 11, is GRANTED in part. Counsel for Lust is AWARDED $8,373 in fees and $420.55 in costs.

Entered April 26, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge